RAIL

No. 24-11058-H H

U.S. COURT OF APPEALS
RECEIVED
CLERK
DEC 3 1 2024
ATLANTA, GA

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**JACQUELINE EVERSON, Plaintiff-Appellant,**

**v.**

**COCA-COLA COMPANY, ET AL, Defendant-Appellee.**

**On Appeal from the United States District Court
For the Northern District of Georgia**

**Civil Action No. 1:23-cv-02947-MLB**

## APPELLANT'S PETITION FOR PANEL REHEARING

Jacqueline Everson, pro se
1530 Locust Log Way
Austell, GA 30168
(770) 573-4038
jaccieverson@gmail.com



**Jacqueline Everson v. Coca-Cola Company, et al.**    Case No. 24-11058-H

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

U.S. COURT OF APPEALS
RECEIVED
CLERK
DEC 3 1 2024
ATLANTA, GA

Pursuant to F.R.A.P. 26.1-2(c), Jacqueline R. Everson, pro se Plaintiff-Appellant certifies that the following is a complete list of the persons and entitles who have an interest in the outcome of this appeal:

Brasher, Hon. Andrew L., United States Appeals Court Judge

Brown, Hon. Michael L., United States District Court Judge

Drew Eckl & Farnham, LLP, counsel for Defendant-Appellee Liberty Mutual Insurance Company

Everson, Jacqueline R., pro se Plaintiff-Appellant

Foote, Elliott, counsel for Appellee The Coca-Cola Company

Johnson, Brian Wade, counsel for Defendant-Appellee Liberty Mutual Ins. Co.

King & Spalding, LLP, counsel for Defendant-Appellee The Coca-Cola Co.

Law Offices of Iwana Rademaekers, P.C., counsel for Defendant-Appellee Liberty Mutual Insurance Company

Liberty Mutual Insurance Company, Defendant-Appellee

Pryor, Hon. Jill A., United States Appeals Court Judge

Rademaekers, Iwana, counsel for Appellee Liberty Mutual Insurance Co.

Shuler, Darren A., counsel for Appellee The Coca-Cola Company

**Jacqueline Everson v. Coca-Cola Company, et al.**      **Case No. 24-11058-H**

## CERTIFICATE OF INTERESTED PERSONS AND <u>CORPORATE DISCLOSURE STATEMENT</u>

Story, Hon. Richard W., United States District Court Judge

The Coca-Cola Company, Defendant-Appellee

Tjoflat, Hon. Gerald Bard, United States Appeals Court Judge

There is no such parent corporation and no such publicly held corporations

related to Jacqueline R. Everson, Plaintiff-Appellant.


Respectfully, submitted this 31st day of December, 2024.

Jacqueline Everson, pro se
1530 Locust Log Way
Austell, GA 30168
(770) 573-4038

Petition for Panel Rehearing

The petitioner believes the court has overlooked genuine issues of material facts: Jacqueline Everson, appearing pro se, appeals the Court of Appeals Affirmed decision of her claims against The Coca-Cola Company and Liberty Mutual Insurance Company under federal and state laws; for actual fraud and Americans with Disabilities Act of 1990 (ADA) discrimination arising from [1]Plaintiff's 2023 discovery of the illegal concealment of The Coca-Cola Co. and The Coca-Cola Co. Long Term Disability Income Plan (LTD) as the proper defendants in Plaintiff's 2005-2009 Coca-Cola LTD ERISA case. [2]Liberty Mutual is the only defendant, but denied involvement in Plaintiff's case. [3]Plaintiff is in a protected class under 42 U.S.C. § 12102(b), since August 29, 2003. [4]Plaintiff has a right to sue letter from EEOC and her charge is filed under ADA.

**Plaintiff Discovered Concealment and Fraud thru Diligent Investigation:**

[1]In 2023, Plaintiff discovered The Coca-Cola Co. and The Coca-Cola Co. LTD Income Plan (class-1 Core plan) was concealed from the Plaintiff when she filed a lawsuit pro se in 2005 for Coca-Cola disability income under ERISA. [2]Plaintiff discovered she was insured by two Coca-Cola disability plans, and is undisputed. [3]Defendants only disclosed one Coca-Cola Group Disability Income Policy (Class-2 Buy up Plan). [4]Plaintiff contacted Coca-Cola regarding the concealed policy and did not get an answer [Coca-Cola case - HLP-2023-71237].

1

Plaintiff discovered Judge Richard W. Story and the Defendants engaged in willful misconduct thru concealment and fraud. They did not comply with the law(s).

I.

A.   The petitioner believes the court has overlooked facts that cannot separate or dismiss Plaintiff's ADA claims arising from actual fraud: [1]The Defendants had an "opportunity" to commit actual fraud only because [2]Plaintiff was disabled and pro se. [3]Plaintiff's 2023 discovery of the actual fraud is directly linked to ADA because Plaintiff is disabled since 2003, and protected under 42 U.S.C. § 12102(b), when the fraud was done (2005-2009). [4]Plaintiff's 2023 ADA claims arising from the Defendants actual fraud (discovered in 2023) is proper and is not barred by the statue of limitations. *See* O.C.G.A. § 9-3-96 (2020), *Lowe v. Presley*, 86 Ga. App. 328, 71 S.E.2d 730 (1952), 42 U.S.C. § 12112(a).

B (1-3). The petitioner believes the court has overlooked or misapprehended facts and laws that apply to Plaintiff's statue of limitations, ADA and actual fraud claims: ERISA § 502 Civil Enforcement law is (1) central to the Plaintiff's ADA and actual fraud claims arising from concealment and (2) undisputed. See (Pgs. 3-13).

1.   "ERISA § 502 Civil Enforcement: The obligor under the plan contract (the sponsor), **plus** any other party that assumes liability under the plan contract by agreement with the plan sponsor (a trustee or an insurer), must be party defendants." The Judge and the Defendants did not comply with this law:

2

**B-1. Judge Richard W. Story** violated his oath O.C.G.A. § 15-6-6, and duties O.C.G.A. § 15-6-9, in the Plaintiff's lawsuit and trial; when he did not comply with ERISA § 502 law, O.C.G.A. § 51-12-33; causing a legal disadvantage and harm to the Plaintiff who was in a protected class under 42 U.S.C. § 12102(b).

1.     The Judge had a duty to inform Plaintiff that her Coca-Cola LTD ERISA case did not involve the proper defendants, O.C.G.A. § 15-6-9, but kept silent from 2005 to 2009. See *Everson v. Liberty Mutual Assurance Company*, 1:05-cv-2459 (N.D. Ga. 2005). "**O.C.G.A. 51-12-33**: Requires the trier of fact to consider the fault of all parties involved in an alleged injury or damages." The Judge concealed the proper defendants; The Coca-Cola Company (sponsor) and The Coca-Cola Company Long Term Disability Income Plan and is in violation of ERISA § 502, O.C.G.A. § 15-6-6, O.C.G.A. § 15-6-9, and 42 U.S.C. § 12131(1)(A)(2) that prohibits a Judge from discriminating against disabled individuals in a court of law. The Judge limited, excluded, and segregated Plaintiff causing her harm thru fraud:

2.     Plaintiff discovered the Judge treated her Coca-Cola LTD ERISA case and trial different than all other Coca-Cola LTD ERISA cases in the <u>entire</u> Court system <u>secretly</u> violating Plaintiff's "relation of trust and confidence" while giving Plaintiff no reason to believe her case did not adhere to the law. Instead, he kept silent when he had a duty to comply with the laws. O.C.G.A. § 15-6-9, O.C.G.A. 51-12-33, O.C.G.A. § 9-3-96. <u>Plaintiff's claims are only against the Defendants.</u>

3.    These are **real** Coca-Cola Company LTD ERISA cases with the proper defendants: Plaintiff was not afforded the same rights as all other disabled Coca-Cola employees thru actual fraud and ADA discrimination. **Quote:**

"*Michelle Palmeri, Plaintiff, v. The Coca-Cola Company; The Coca-Cola Company Long Term Disability Income Plan; The Long Term Disability Income Plan Committee*": *Palmeri v. Coca-Cola,* 1:01-cv-3498 (N.D. Ga. 2006), *Also See, Lisa Ann Byars v. The Coca-Cola Company, The Coca-Cola Long Term Disability Income Plan, et al,* No. 06-15708 (11th Cir. 2008), *Byars v. Coca-Cola,* 1:01-cv-3124 (N.D. Ga. 2004). All cases Comply with ERISA § 502 **accept** the Plaintiff's

**THIS IS HOW PLAINTIFF'S CASE WAS FILED AND TRIED WRONG**

In 2023, plaintiff discovered her case was not in compliance with ERISA § 502:

*Everson v. Liberty Mutual Assurance Company,* 1:05-cv-2459 (N.D. Ga. 2005).

**THIS IS HOW PLAINTIFF'S CASE SHOULD HAVE BEEN FILED/TRIED**

"*Jacqueline Everson, Plaintiff v. The Coca-Cola Company; The Coca-Cola Company Long Term Disability Income Plan; The Group Disability Income Policy*

4.    Plaintiff's employer and <u>both</u> Coca-Cola disability policies should have been in the Plaintiff's Coca-Cola LTD ERISA case. Only "one" Group Disability Income Policy was disclosed to the Plaintiff in her ERISA case, and is undisputed: Coca-Cola Co. and the LTD Plan <u>is in all</u> Coca-Cola ERISA cases <u>accept</u> Plaintiff. Liberty Mutual is <u>not</u> the defendant in any Coca-Cola ERISA cases <u>accept</u> Plaintiff.

5. In 2023, Plaintiff discovered she was insured by two Coca-Cola <u>employee</u> disability plans, and is undisputed. Coca-Cola is the **"only"** Sponsor for both Coca-Cola LTD plans, and is undisputed: [1]The Coca-Cola Co. LTD Income Plan (Class 1-Core Plan): effective 1st day of employment and [2]The Group Disability Income Policy (Class 2-Buy-up Plan): effective January 1, 2003, and is undisputed.

6. Plaintiff did not discover fraud until 2023: **"Duty to make full disclosure -** When fraudulent concealment of cause of action is in breach of confidential relation involving duty to make full disclosure, statute does not begin to run until discovery of fraud. *Lowe v. Presley*, 86 Ga. App. 328, 71 S.E.2d 730 (1952)."

7. Plaintiff relied on Judge Richard W. Story to adhere to the laws in her ERISA case (legal expert). **"Relation of trust and confidence** may justify failure to exercise ordinary diligence. Bennett v. Bird, 139 Ga. 25, 76 S.E. 568 (1912)."

8. Plaintiff was pro se and disabled and had a right to expect full communications of facts from the Defendants and the Judge. **"Concealment** per se amounts to <u>actual fraud</u> when for any reason one party has a right to expect full communication of facts from another. O.C.G.A. § 9-3-96 (2020)."

9. Plaintiff had no reason to investigate or believe Judge Richard W. Story was allowing the Defendants to commit fraud in her Coca-Cola ERISA case. **"Statute tolled when no reason to investigate. -** Statute of limitations was tolled under Georgia law with respect to commissions received by the debtor but not deposited

when another shareholder had no reason to believe that the payments from a talent agency were continuing and no reason to believe that there was another account into which the money was being deposited. *Hot Shot Kids Inc. v. Pervis* (In re Pervis), 512 Bankr. 348 (Bankr. N.D. Ga. 2014).", O.C.G.A. § 15-6-9.

10.    The Judge chose not to comply with the law by excluding the sponsor and the LTD "core" plan as party defendants in Plaintiff's case making it **impossible** to enforce the sponsor's promises and **impossible** to collect any possible judgment obtained in a § 502(a)(1)(B) benefit claim. *Thompson v. Wilkins*, 143 Ga. App. 739, 240 S.E.2d 183 (1977), 42 U.S.C. § 12131(1)(A)(2). The Judge should have known concealing the <u>sponsor</u> and <u>core plan</u> would harm the Plaintiff. O.C.G.A. 51-12-33.

**B-2.  Liberty Mutual** engaged in willful misconduct against the Plaintiff who was in a protected class under 42 U.S.C. § 12102(b) in a court of law and in her trial when they did not comply with the ERISA § 502 law causing Plaintiff to have a legal disadvantage thru misrepresentation intended to deceive and actual fraud.

1.    Liberty Mutual denies being Coca-Cola's acting administrator and denies any involvement in the Plaintiff's Coca-Cola LTD ERISA case, and is undisputed. ("Def.'s Mot.") [Dkt. No. 3-1] at 1; 2. O.C.G.A. § 9-3-96 (2020), *See Everson v. Liberty Mutual Co.* 1;05-cv-2459 (N.D. Ga. 2005), *Thompson v. Wilkins*, 143 Ga. App. 739, 240 S.E.2d 183 (1977), *EEOC v. Wal-Mart Stores East, E.D. Wis.*, 1: 17-cv-00070 (E.D. Wis. 2021), 42 U.S.C. § 12112(a).

2. Liberty Mutual provided <u>evidence</u> and <u>a statement</u> that bolsters Plaintiff's claims; <u>The Group Disability Income Policy</u> (class 2 buy-up Plan) and the <u>Civil Docket</u> from Plaintiff's Coca-Cola ERISA case and <u>Liberty Mutual's Motion to Dismiss</u> proves Liberty Mutual is the only defendant (perjury) and it proves The Coca-Cola Co. and The Coca-Cola Co. LTD Income Plan was concealed from Plaintiff in her 2005 Coca-Cola LTD ERISA case. (Def.'s Mot.; Dkt. No. 3-1, p. 16; 56-63). See *Everson v. Liberty Mutual*, 1:05-cv-2459 (N.D. Ga. 2005), *Thompson v. Wilkins*, 143 Ga. App. 739, 240 S.E.2d 183 (1977).

3. Plaintiff adopted Liberty Mutual's Motion to Dismiss [Dkt. No. 3-1] in Appellant's Opening Brief. "**OCGA § 24-10-1007** refers to a Georgia law that states the contents of writings, recordings, or photographs can be proven by the testimony or <u>written admission</u> of the party against whom the evidence is offered, essentially <u>allowing a party's own statement to be used as evidence against them in court</u>; it falls under the "Best Evidence Rule" in Georgia's evidence code."

4. [1]Liberty Mutual denied involvement in the <u>administration</u> of Plaintiff's "only" claim for Coca-Cola's disability income benefits, and is undisputed. **Quote:** "Liberty Mutual did not issue the <u>Group Disability Income Policy</u> that is referenced in Plaintiff's Complaint and <u>was not involved</u> in the administration of Plaintiff's claim for benefits <u>from that policy</u>." (Def.'s Mot.; Dkt. No. 3-1, p. 1). Liberty Mutual denied involvement in Plaintiff's Coca-Cola ERISA case (perjury):

7

6. Plaintiff exercised reasonable diligence to uncover all this fraud thru a 2023 investigation when she discovered the "main" Coca-Cola LTD policy that was concealed from her thru fraud in her 2005-2009 Coca-Cola Co. LTD ERISA case. Liberty Mutual actively concealed their fraud; pretending to be the proper defendant from 2005 to 2023. Liberty Mutual did not comply with the law (see page 1-2). "**Georgia Code § 9-3-96 (2020) - Tolling of Limitations for Fraud of Defendants.** In most jurisdictions, a statute of limitations for a fraud claim can be tolled (meaning the time period is paused) if the defendant actively concealed their fraudulent actions, preventing the plaintiff from discovering the fraud, and the plaintiff exercised reasonable diligence to uncover the fraud once they had reason to suspect it; this is often referred to as "fraudulent concealment" and is a key legal principle used to toll the statute of limitations in fraud cases." 42 U.S.C. § 12112(a).

7. [1]Plaintiff had a right to expect full communications of facts from the Defendants and the Judge. [2]Liberty Mutual had a duty to tell Plaintiff they are not the proper defendant. [3]Instead, Liberty Mutual answered Plaintiff's Complaint and [4]waited until 2023 to admit they are **not** the proper defendant and is **not** the proper administrator. Plaintiff was pro se and disabled and had a right to expect full communications of facts from the Judge and the Defendants. "**Concealment** per se amounts to actual fraud when for any reason one party has a right to expect full communication of facts from another. O.C.G.A. § 9-3-96 (2020)"

8.    In 2005, Liberty Mutual answered Plaintiff's ERISA Complaint. In 2023, Liberty Mutual deny being the proper defendant. **"Duty to make full disclosure -** When fraudulent concealment of cause of action is in breach of confidential relation involving duty to make full disclosure, statute does not begin to run until discovery of fraud. *Lowe v. Presley*, 86 Ga. App. 328, 71 S.E.2d 730 (1952)."

**B-3. The Coca-Cola Company** engaged in willful misconduct against the Plaintiff who was in a protected class under 42 U.S.C. § 12102(b). The Coca-Cola Company did not comply with the ERISA § 502 law as the Plaintiff's employer of seventeen years. Coca-Cola had a duty to come forward to inform Plaintiff she did not have the proper defendants in her 2005-2009 Coca-Cola ERISA case. Coca-Cola did not inform Plaintiff that The Coca-Cola Company and both disability policies must be proper defendants in the Plaintiff's Coca-Cola LTD ERISA case as required by ERISA § 502 law, 42 U.S.C. § 12112(a). Coca-Cola did not come forward as the proper defendant and the sole sponsor of both Coca-Cola Co. disability policies as required by law. O.C.G.A. § 9-3-96 (2020). Coca-Cola's actions caused Plaintiff to have a legal disadvantage and ADA violations arising from actual fraud thru concealment. *See Everson v. Liberty Mutual Co.* 1;05-cv-2459 (N.D. Ga. 2005), *Palmeri v. Coca-Cola*, 1:01-CV-3498 (N.D. Ga. 2006), *Thompson v. Wilkins*, 143 Ga. App. 739, 240 S.E.2d 183 (1977), *EEOC v. Wal-Mart Stores East, E.D. Wis.*, 1: 17-cv-00070 (E.D. Wis. 2021).

1. Plaintiff relied on Judge Richard W. Story (legal expert) to comply with the laws in her ERISA case. "**Relation of trust and confidence** may justify failure to exercise ordinary diligence. *Bennett v. Bird*, 139 Ga. 25, 76 S.E. 568 (1912)."

2. Plaintiff had a right to expect full communications of facts from the Judge and the Defendants. "**Concealment** per se amounts to <u>actual fraud</u> when for any reason one party has a right to expect full communication of facts from another. O.C.G.A. § 9-3-96 (2020)." Also, 42 U.S.C. § 12112(a)(1)(2)(3)(a).

3. Liberty Mutual was contacting the Plaintiff concerning her Coca-Cola LTD benefits **before** she filed a lawsuit and is the only reason the Plaintiff filed her LTD lawsuit against Liberty Mutual, and is undisputed. Liberty Mutual answered the Plaintiff's Complaint. (Dkt. No. 3-1, p. 56-63), O.C.G.A. § 9-3-96 (2020).

4. This is evidence that Coca-Cola (employer) deliberately violated Plaintiff's ADA rights thru actual fraud. The Plaintiff is in a protected class under ADA 42 U.S.C. § 12102(b) <u>since 2003</u>, and is undisputed. Coca-Cola's Benefit Managers "**email**" clearly identified Coca-Cola's **willful intent before** Plaintiff filed an ERISA lawsuit: **Quote:** "March 17, 2005, <u>Subject RE: J. Everson</u>, I am <u>talking with Liberty Mutual</u> to get updated communications on this one (<u>and Flowers</u>). FYI, I am going to <u>work with them to make sure no other similar cases sneak out like these two have</u>." O.C.G.A. § 9-3-96 (2020), 42 U.S.C. § 12112(a)(1)(2)(3)(a), *EEOC v. Wal-Mart Stores East, E.D. Wis.*, 1: 17-cv-00070 (E.D. Wis. 2021).

11

5. Coca-Cola's **"email"** showing willful intent to break the ADA and fraud laws is evidence offered in Appellant's Opening and Reply Brief, and is undisputed. **"OCGA § 24-10-1007** refers to a Georgia law that states the contents of writings, recordings, or photographs can be proven by the testimony or <u>written admission</u> of the party against whom the evidence is offered, essentially <u>allowing a party's own statement to be used as evidence against them in court</u>; it falls under the "Best Evidence Rule" in Georgia's evidence code."

6. **Discovered**: Coca-Cola Picks and Chooses Which Employees Have Rights:

A. Coca-Cola picks which employee has rights under the law(s): [1]Coca-Cola chose **not** to comply with the law(s) by <u>concealing</u> the <u>The Coca-Cola Company</u> and <u>The Coca-Cola Company LTD Income Plan</u> from Plaintiff's Coca-Cola LTD ERISA lawsuit and trial thru fraud in violation of ERISA § 502 Enforcement law, 42 U.S.C. § 12112(a), O.C.G.A. § 9-3-96 (2020). [2]Coca-Cola **knew** or **should have known** The Coca-Cola Company and The Coca-Cola Company LTD Income Plan must be parties in all Coca-Cola LTD ERISA cases as required by ERISA § 502 Enforcement law, and 42 U.S.C. § 12112(a).

7. Until 2023, the Plaintiff (employee) had no reason to believe The Coca-Cola Company and The Coca-Cola Company LTD plan was concealed from her in a court of law, thru fraud. **"Relation of trust and confidence** may justify failure to exercise ordinary diligence. Bennett v. Bird, 139 Ga. 25, 76 S.E. 568 (1912)."

8. Plaintiff contacted Coca-Cola concerning the concealed policy and did not get and answer, and is undisputed. Plaintiff exercised reasonable diligence thru an investigation. (page 1-2). **"Georgia Code § 9-3-96 (2020) - Tolling of Limitations for Fraud of Defendants.** In most jurisdictions, a statute of limitations for a fraud claim can be tolled (meaning the time period is paused) if the defendant actively concealed their fraudulent actions, preventing the plaintiff from discovering the fraud, and the plaintiff exercised reasonable diligence to uncover the fraud once they had reason to suspect it; this is often referred to as "fraudulent concealment" and is a key legal principle used to toll the statute of limitations in fraud cases."

9. [1]Plaintiff had a right to expect full communications and disclosure of facts from her employer of seventeen years and the sole sponsor of both Coca-Cola disability plans. **"Concealment** per se amounts to actual fraud when for any reason one party has a right to expect full communication of facts from another. O.C.G.A. § 9-3-96 (2020)." Thompson v. Wilkins, 143 Ga. App. 739, 240 S.E.2d 183 (1977).

10. The Plaintiff was deceived from 2005 until her discovery in 2023. See *Everson v. Liberty Mutual Co.* 1;05-cv-2459 (N.D. Ga. 2005). **"Any misrepresentation intended to deceive** and which does deceive is a fraud, for which a party is entitled to a remedy at law. O.C.G.A. § 9-3-96 (2020)."

C. The petitioner believes the court has overlooked or misapprehended facts: Plaintiff only filed <u>one</u> Coca-Cola ERISA lawsuit and it was in 2005 (undisputed).

*See Everson v. Liberty Mutual Co.* 1;05-cv-2459 (N.D. Ga. 2005).

D.    The petitioner believes the court has overlooked or misapprehended facts:

Plaintiff does not have any current claims for terminating her benefits prematurely.

Plaintiff does not have any current claims for termination of employment. Plaintiff

does not have any ERISA claims or claims under <u>O.C.G.A. § 34-6A-4</u>.

## Conclusion

Plaintiff should not be held at a higher level of accountability than the Judge

and the Defendants (legal experts). Plaintiff had no earthly reason to suspect

concealment and actual fraud in the courtroom because Plaintiff trusted the Court

system and the Judge to comply with the laws in Plaintiff's case (2005-2009). That

in **reliance** on these representations; Plaintiff had no reason to believe there was

anything to investigate until 2023 when she discovered the main Coca-Cola Co.

LTD plan that was concealed from the Plaintiff in her Coca-Cola ERISA case/trial.

The statue is tolled "when no reason to investigate" due to the "relation of

trust and confidence"; Plaintiff trusted the Judge. "Tolling of limitations for fraud

of defendants" has no limitation on when fraud can be discovered. Res judicata and

collateral estoppel is the Defendants only defense and does not apply to actual

fraud discovered in 2023. Defendants took advantage of the Plaintiff (pro se, and

disabled). Plaintiff's claims should qualify to be tolled for these extraordinary

reasons and preponderance of evidence. Defendant's claims should not be affirmed.

It would have been a great tragedy if Plaintiff had died and never found the truth. It would be a still greater tragedy if the Defendants are allowed to harm other disabled persons without any consequences. This is the worst attack any disabled person can ever experience in a court of law: Judge Richard W. Story did not comply with the laws and allowed the Defendants to make sport of the Plaintiff's life, in a court of law. Plaintiff had no reason to believe Liberty Mutual was not the proper defendant in her ERISA case. Judge Richard W. Story did not require the Defendants to comply with the laws and tried Plaintiff's case fraudulently. The Defendants meant to crush the Plaintiff mentally and financially thru concealment, misrepresentation intended to deceive and actual fraud in a court of law.

Plaintiff asks this Court to hold Defendants (legal experts) accountable for multiple violations of her civil rights and ADA violations arising from actual fraud. Plaintiff asks this Court to make her whole and grant Plaintiff compensatory damages, mental pain and suffering, punitive damages and any other relief which she is entitled to receive under the law.

Respectfully submitted this 31st day of December, 2024

Jacqueline Everson
1530 Locust Log Way
Austell, GA 30168
(770) 573-4038
jaccieverson@gmail.com

## Certificate of Compliance

I hereby certify that this Petition for Panel Rehearing complies with the word limit in Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,674 words.

This document complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This Petition has been prepared using Microsoft Word in 14-point Times New Roman font.

This 31st Day of December, 2024.

Jacqueline R. Everson
1530 Locust Log Way
Austell, GA 30168
(770) 573-4038

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JACQUELINE EVERSON,    )
                                )
        Plaintiff-Appellant,    )
                                )
v.                             )
                                )    **Appeal Number: 24-11058-H**
                                )
COCA-COLA COMPANY, et al,    )
                                )
        Defendant-Appellee.    )

## Certificate of Service

I herby certify that on this 31st Day of December, 2024, I filed Appellant's Petition for Panel Rehearing with the Clerk for the United States Court of Appeals, Eleventh Circuit. I certify that I have this day served pro se Coca-Cola, et al, Defendant-Appellee in the foregoing matter with a copy of the above said Appellant's Petition for Panel Rehearing, by causing a copy of the same to be deposited in the United States Mail, postage prepaid and addressed as follows:

King & Spalding, LLP                  Law Offices of Iwana Rademaekers, P.C.
Darren A. Shuler                      Iwana Rademaekers
c/o The Coca-Cola Company        c/o Liberty Mutual Insurance Company
1180 Peachtree Street, N.E.         17304 Preston Road, Suite 800
Atlanta, GA 30309                     Dallas, TX 75252

RESPECTFULLY SUBMITTED,

JACQUELINE EVERSON
1530 Locust Log Way
Austell, Georgia 30168
Tel: 770-573-4038

17